UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                          Case No. 99-CR-306-03(PG)

HERMES SALCEDO-PENA,

     Defendant.

_____/

**MOTION FOR AN AMENDED JUDGMENT NUNC PRO TUNC
PURSUANT TO 18 U.S.C. §3584(a)(b) & U.S.S.G. §5G1.3(b)(1)(2)**

    COMES NOW the Defendant, Hermes Salcedo-Pena, pro se, (here inafter "Defendant") and moves this Honorable Court for an Order Amending his Judgment Nunc Pro Tunc, pursuant to 18 U.S.C. §3584 (a)(b) and U.S.S.G. §5G1.3(b)(1)(2), to properly reflect this Court's intention when it imposed Defendant's sentence. In support thereof, the Defendant states the following:

BACKGROUND HISTORY

    1.   On July 6, 1997, the Defendant was arrested for numerous drug related state charges in Puerto Rico. See Exhibit A, (PSI Report), attached pgs. 7-11.

    2.   Before pleading guilty to all the aforementioned state charges, the State Attorney informed Defendant that he was facing federal charges relevant to these state charges. And as a consequence to this information, the Defendant made a cognizant choice to plead guilty to the state charges in Puerto Rico.

3.    On January 19, 1999, the Defendant pled guilty, and was sentenced by a consolidation of all previous crimes charged for the State of Puerto Rico. In fact, at his sentencing hearing, the Honorable judge sentenced the Defendant to six (6) months; one (1) year; three (3) years; four (4) years; five (5) years; and, six (6) years, **all** of the sentences were ordered to be served concurrently with any other sentence imposed. See Exhibit A, attached hereto. Thereafter, the Defendant commenced serving his state (Puerto Rico) sentence.

4.    On October 15, 1999, the Defendant (A/K/A "Cito") was temporarily transferred to the custody of the U.S. Marshals to appear in federal court. He was charged with (Count I) Conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine; in excess of one hundred (100) kilograms of marijuana, in violation of Title 21 U.S.C. §841(a)(1), all in violation of Title 21 U.S.C. §846. Overt act number 7, of the charging federal document allegedly described relevant conduct of a murder of a one Jose Hernandez Jimenez (A/K/A "Chelo"). See Exhibit B, p. 5, attached hereto. Compare Exhibit B, p. 5, to Exhibit A, p. 9, showing the same course of conduct.

5.    On February 26, 2001, the Defendant pled guilty to Count I, pursuant to Rule 11(a)(1)(B), of the Federal Rules of Criminal Procedure, by way of a Plea Agreement, in which both parties stipulated that [Defendant's] sentence "to be imposed is to be served concurrently with any sentence previously imposed." See Exhibit C, attached hereto.

6.   At Defendant's change of plea colloquy on February 26, 2001, this Honorable Court explicitly questioned whether the Defendant was presently serving any other sentence. The Court explained that the sentence could be imposed concurrently or consecutively to the state sentence being served at that time. The Court, in relevant part, stated: "If I impose it concurrently, that will mean then that both sentences would be running at the same time. If I impose it consecutively, it will mean that you would first have to extinguish the state sentence and only then would this sentence start to run." See Exhibit D, attached hereto.

7.   On August 28, 2001, the Defendant was sentenced for the instant federal offense to a term of two-hundred and twenty-eight (228) months imprisonment. Upon imposition of this sentence by the district court, Defendant's counselor, Mr. Garcia, petitioned "that this sentence be concurrent to any other sentence that [Defendant] is serving at this point, your Honor." The district court granted this petition, and "impose[d] this sentence concurrent to any other sentence he is presently serving." See Exhibit E, attached hereto.

8.   On or about September 22, 1999, in the grand jury transcript to Defendant's indictment, confidential witness Angel Manuel Diaz-Ortiz, testified regarding Defendant's relevant conduct charged in the State of New York and Puerto Rico, about his drug dealings. See Exhibit F, and compare to Exhibit A, pgs. 7-11, attached hereto.

9.    On September 14, 2006, the Defendant noticed that the Bureau of Prisons commences crediting his sentence to the federal offense on August 28, 2001, the day of his sentencing hearing. See Exhibit G, attached hereto.

## ARGUMENT

**THE DISTRICT COURT HAS INHERENT POWER PURSUANT TO 18 U.S.C. §3584(a)(b) AND U.S.S.G. §5G1.3 (b)(1)(2) TO AMEND DEFENDANT'S JUDGMENT NUNC PRO TUNC FOR PRE-SENTENCE CUSTODY CREDIT FOR TIME SERVED, TO REFLECT THE ORIGINAL INTENTION OF THE ORDER OF THIS COURT**

The Defendant claims and requests that this Honorable Court issue a Nunc Pro Tunc Amendment to his judgment, to reflect the original intention of the Order of this Court. See In re Special Grand Jury Impaneled, Feb. 12, 1976, 565 F.2d 1225, 1227 (1st Cir. 1977). Nunc Pro Tunc, literally transalated it substitutes " 'now for then', having retroactive legal effect through a Court's inherent power." Black's Law Dictionary, Eighth Edition, 2004.

As evidenced in the Background History, supra, at pgs. 1-3, the New York and Puerto Rico state charges were relevant conduct

to the instant offense as defined under the provisions of U.S.S.G. §1B1.3, subsections (a)(1), (a)(2), or (a)(3).

Therefore, pursuant to 18 U.S.C. §3584(a)(b), which in relevant part states as follows:

> **§3584. Multiple sentences of imprisonment**
>
> **(a) Imposition of concurrent or consecutive terms.**——....if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively....

This Court has inherent statutory authority pursuant to 18 U.S.C. §3584(a)(b) to impose the sentenc concurrent as it Ordered back "then" in Defendant's sentencing judgment order, coupled with U.S.S.G. §5G1.3(b), which further gives this Court specific authority to "adjust [] the [concurrent] sentence for a period of time already served" "now"—— Nunc Pro Tunc. See U.S.S.G. §5G1.3, Commentary Note 2(C)(D). For the Court's convenience, a copy of U.S.S.G. 5G1.3(b) is attached hereto as Exhibit H. See United States v. Benefield, 942 F.2d 60, 66-67 (1st Cir. 1991); see also Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002)(Same).

This Court's cursory review of Exhibits A through G, will help recall its original intent to give the Defendant time served up until his initial arrest date of July 6, 1997, for his consolodated state convictions, all of which were relevant conduct to the instant federal offense, pursuant to U.S.S.G. §5G1.3(b), Commentary Note 2. See Exhibit H, attached hereto.

## CONCLUSION

WHEREFORE, Defendant prays this Honorable Court grant his Motion and issue an Order Nunc Pro Tunc, giving the Defendant credit for time served in his state convictions as they were relevant conduct, and that this Court's Original Order intended to have full concurrent effect, which should have included all credit from July 6, 1997 (the time of Defendant's arrest on the state charges), and the date credit for time served commenced on his state charges, and for such other relief as this Court deems just and proper in this premise.

Respectfully Submitted,

*Hermes Salcedo Pena*

Hermes Salcedo-Pena, Pro Se
Reg. No. 18341-069
FCC-Medium
P.O. Box 1032
Coleman, FL 33521-1032

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed to the below named individual(s), via first class U.S. Mail, postage prepaid, this 11th day of January, 2007.

U.S. Attorney's Office
District of Puerto Rico
150 Carlos Chardon Ave, Rm. 452
San Juan, PR 00918

*Hermes Salcedo Pena*

Hermes Salcedo-Pena, Pro Se

6