**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                                          CR. NO. 99-306-03 (PG)

HERMES SALCEDO-PENA,

   Defendant.

**ORDER**

    Before the Court is defendant's "Motion for an Amended Judgment Nunc Pro Tunc pursuant to 18 U.S.C. §3584(a)(b) & U.S.S.G. §5G1.3(b)(1)(2)" (Docket No. 279.) Inmate Hermes Salcedo-Pena requests that the Court grant him credit for time served in his state convictions claiming they are relevant conduct to the instant offense.

    Mr. Salcedo-Pena was sentenced on October 17, 2003, for a drug trafficking conspiracy offense. He served less than seven years of imprisonment in local custody, which was the term imposed by the local court for convictions relating to attempted murders, weapons law violations, possession of controlled substances, first degree murder reclassified to homicide, and damages. All of these cases were consolidated for purposes of sentencing. Mr. Salcedo-Pena is presently in federal custody serving 228 months of imprisonment, term imposed by the Court to be served concurrently with any other local sentence. Although it appears that some of his convictions in the local court may have been part of relevant conduct, the U.S. Probation Office did not consider this conduct for determining the guideline range.

    Based on the U.S. Sentencing Commission Guidelines Manual, appendix C-Volume II, amendment 660, when a sentence is imposed pursuant to subsection (b), the Court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the Court determines that

Crim. No. 99-306-03(PG)                                                    Page 2

period of imprisonment will not be credited to the Federal sentence by the Bureau of Prisons. That is not the case here. The Probation Officer did not apply the cross reference for the murder that took place on July 6, 1997; which was part of the relevant conduct, nor was the weapon enhancement applied. Otherwise, the defendant may have been exposed to life imprisonment. As such, and according to U.S.S.G. §5G1.3(b)(1), the defendant does not warrant credit for time served in local custody. Therefore, defendant's motion (Docket No. 279) is DENIED.

   **IT IS SO ORDERED.**

   In San Juan, Puerto Rico, July 5, 2007


                                             S/JUAN M. PEREZ-GIMENEZ
                                             U. S. DISTRICT JUDGE